VERA F. STRONG, as Executrix, etc., of WILLIAM H. DAILEY, Deceased, Appellant, *v.* LEWIS G. DAILEY, Surviving Partner of the Firm of W. H. DAILEY & SON, Respondent.

Third Department, July 2, 1926.

Partnership — accounting — defendant and father, testator, were in partnership in sand and gravel business — testator purchased lots, paid part of purchase price and took title in son's name who took back mortgage for balance — evidence shows no intention on part of defendant to charge for sand sold from lots — defendant not entitled to credit for sand taken from lots for partnership purposes.

In an action for an accounting of a partnership, following the death of one of the partners, the defendant, the other partner and son of the testator, is not entitled to a credit for sand taken from lots, the title to which were in his name, for it appears from the evidence that the partnership was engaged in the sand and gravel business, that the testator purchased the lots in question and paid nearly one-half of the purchase price, that the lots were deeded to the defendant

who gave a mortgage for the balance of the purchase price, and that at no time during the existence of the partnership was any charge made against the partnership by the defendant for sand taken from the lots in question.

APPEAL by the plaintiff, Vera F. Strong, as executrix, etc., from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Broome on the 28th day of December, 1925, upon the report of a referee.

*Jenkins, Deyo & Hitchcock* [*C. H. Hitchcock* of counsel], for the appellant.

*Rollin W. Meeker*, for the respondent.

H. T. KELLOGG, J.   The plaintiff is the executrix of the estate of William H. Dailey, who was at the time of his death the senior member of the firm of W. H. Dailey & Son.   The defendant, Lewis G. Dailey, a son of W. H. Dailey, is the surviving member of the partnership.   The action was brought to obtain an accounting of the affairs of the partnership.   The defendant filed with the referee, appointed to take and state the accounts, a statement of account showing a balance of partnership assets over liabilities of $3,576.76.   The referee surcharged the defendant with various items totalling $872.49, and credited him with $12,337, for the value of sand and gravel furnished to the partnership from certain lands, known as the Wilbur lots, to which the defendant had title. The referee's report was confirmed and an interlocutory judgment, based upon the report, was entered.   The plaintiff then appealed. The sole question raised is whether or not the defendant was entitled to the credit of $12,337 allowed to him by the referee.

William H. Dailey and his son, the defendant Lewis G. Dailey, were engaged as partners in a sand and gravel business.   The business consisted of excavating sand and gravel from vacant land and marketing the same.   William H. Dailey had been in the business for several years.   Lewis G. Dailey had been doing railroad work.   In July, 1919, the father persuaded the son to come and work with him.   Articles of copartnership were not signed until September 27, 1919, but according to the testimony of Lewis G. Dailey, the two were " working together in this same business " before that time.   Early in July the father, William H. Dailey, negotiated for the purchase of the so-called Wilbur lots.   On July 12, 1919, he purchased the same for $2,500.   The father gave his check to the seller for $1,000.   The premises were deeded to Lewis G. Dailey who gave back a bond of $1,500, secured by a mortgage on the lots, to secure the balance of the purchase price.   Thereafter, until the death of William H. Dailey in November, 1921, sand and gravel were excavated from the lots and marketed by the partner-

ship.  Twelve thousand, three hundred and thirty-seven cubic
yards were so excavated.  The material, before excavation, was
of the value of one dollar per cubic yard.  The sand and gravel
thus excavated by the firm are the basis of the credit allowed to
Lewis G. Dailey.  There was no evidence of any express contract
entered into by the firm with Lewis G. Dailey for the purchase
of the material.  The referee based his allowance of the credit
upon the simple fact that the title to the lands from which the
excavations were made was in Lewis G. Dailey.  He held that
there was no trust interest in the lands held by William H. Dailey
because of the consideration in part paid by him.  While this is
undoubtedly true it does not conclude the matter.  The plaintiff
is not seeking an interest in the Wilbur lots.  She is merely defend-
ing against a claim that gravel and sand, excavated from the lots
and marketed by the firm, had been sold, the firm by Lewis G.
Dailey.  The proof requires no such inference.  On the contrary,
it sanctions, with greater propriety, the inference that the sand
and gravel were furnished free of charge.  William H. Dailey and
Lewis G. Dailey were father and son.  They were partners in a
sand and gravel business.  Lewis G. Dailey had the legal title
to the Wilbur gravel and sand lots.  However, the only cash
furnished for the purchase of the lots was provided by William H.
Dailey.  It is a natural assumption that the partners excavated
the lots, to provide material for their business, as if the lands
were jointly owned, without thought of a credit to the partner
having legal title.  This assumption is borne out by several
significant items of proof.  No account of the excavated material
was kept either by the firm or by Lewis G. Dailey.  No credit
was given on the firm books to Lewis G. Dailey for the material
taken.  No charge therefor was made upon any books of account
kept by Lewis G. Dailey and no bill for the material was ever
rendered to the firm.  The plaintiff in her complaint alleged that,
at the death of William H. Dailey, the firm had assets amounting
to $6,101.50, and " that as against said assets the said firm had
liabilities, which to the best of plaintiff's knowledge and belief
did not exceed $934.50."  These allegations were not denied by
the defendant in his answer.  On the contrary, he filed with the
referee a statement of account showing a balance of partnership
assets over liabilities of $3,576.76.  Had the firm purchased the
gravel and sand from the Wilbur lots its liabilities would have
exceeded its assets by more than $8,000.  Moreover, in the account
so filed, the defendant, instead of crediting himself with the sand
and gravel furnished, actually debits himself as owing the firm
the sum of $138.  It seems to us that his subsequent claim, made

in the course of the hearings before the referee, that he was a creditor of the firm for a sum greater than $12,000, was entirely an afterthought. We think it was not made at an earlier stage in the proceedings for the reason that he had always considered the fact to be that sand and gravel furnished from the Wilbur lots were supplied free of charge, precisely as if the lots had been partnership property. We think the evidence conclusive that such was indeed the fact and that Lewis G. Dailey was not entitled to the credit allowed.

The judgment should be modified by eliminating the credit to the defendant of $12,337, and as modified affirmed, with costs to the appellant.

Interlocutory judgment modified by eliminating the credit to the defendant of $12,337, and as modified unanimously affirmed, with costs to the appellant.

The court disapproves of findings third, fourth and seventh of the judgment in so far as they find that the defendant contributed to the firm material of the value of $12,337, and of all the calculations made in the various findings based upon a credit to the defendant for such an amount. It affirmatively finds that the material furnished from lands to which the defendant has title was supplied free of charge according to the mutual understanding of the partners.